UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Saveth Veth,
     Plaintiff

     v.                                    Case No. 18-cv-1139-SM
                                           Opinion No. 2018 DNH 252
Matt Whitaker, Acting Attorney
General; Kirstjen Nielsen, Secretary
of the Dept. of Homeland Security;
Christopher Brackett, Superintendent
of Strafford Correctional Facility;
Todd Thurlow, Assistant Field Office
Director; and Ronald D. Vitiello, Acting
Director of ICE for the Washington, D.C.
Headquarters,
     Defendants


**O R D E R**

Saveth Veth brings this habeas corpus petition, seeking a stay of his imminent deportation from the United States. See 28 U.S.C. § 2241. Because this court lacks jurisdiction to entertain Veth's petition, the petition, as well as his request for emergency injunctive relief, must necessarily be denied.

**Background**

In 1983, Veth and his parents left a Cambodian refugee camp located in Thailand and came to the United States as refugees. At the time, Veth was eight years old. He is currently 43.

In 2009, Veth was convicted in a Massachusetts state court of an aggravated felony (indecent assault and battery on a child under the age of 14). He pled guilty to the charge and was convicted. The circumstances were apparently unusual and as a result he received a light sentence of five years probation, and he was ordered to undergo alcohol treatment and counseling. In 2011, based upon that felony conviction, ICE arrested Veth, issued a Notice to Appear, and began removal proceedings in the Boston Immigration Court. Veth appeared at his hearing, did not seek any relief from removal, and did not express any fear of returning to Cambodia. He accepted the order of removal and waived his appellate rights. Approximately five months later, however, ICE released Veth from custody, because Cambodia refused to provide the necessary travel documents to effect his removal.

Six and one-half years later (and three months before he filed his habeas petition in this court), in September of 2018, ICE again arrested Veth, after the Cambodian government agreed to interview him and determine whether to issue travel documents. Veth was originally detained in Massachusetts and subsequently moved to New Hampshire, where he was being held when he filed this petition on Monday, December 10, 2018. The following day, Tuesday, December 11, 2018, the magistrate judge

2

entered an order directing service of Veth's habeas petition upon the United States Attorney for the District of New Hampshire and the other named defendants. That order directed defendants to file a responsive pleading within seven days and provide the court "with at least 48 hours advance notice of any scheduled removal or transfer of Veth out of this court's jurisdiction." But, before receiving that order, the government had already transferred Veth to Louisiana and then to Texas. There is also some suggestion that Veth will be moved again – this time to either California or Hawaii. His deportation is imminent: yesterday, the government gave notice that it intends to remove Veth from the United States in three days (i.e., on Monday, December 17, 2018).

On the afternoon of Tuesday, December 11, 2018, the court (Barbadoro, J.) conducted a telephonic hearing with counsel for Veth and the government. During that hearing, the court identified two potential jurisdictional issues. First, given the fact that Veth is no longer in this district, the court questioned whether the "primary custodian" rule divested it of jurisdiction. Second, the court questioned whether it had jurisdiction over Veth's petition given the jurisdiction stripping provisions of 8 U.S.C. § 1252. The court afforded Veth's counsel 24 hours within which to file a memorandum

3

addressing those issues.  Counsel for the government was given the opportunity to respond within 24 hours thereafter.  Those memoranda have now been filed.

## Discussion

I.   Veth's Claims.

Veth does not (yet, anyway) challenge his final order of removal.  Indeed, he concedes that, based upon his state court felony conviction, he is subject to deportation.  What he seeks from this court is a stay of his physical removal so he may have the time necessary to challenge that underlying state court conviction, arguing that his plea of guilty was plainly improvident and subject to vacation.  Specifically, he claims to have received constitutionally deficient legal representation in the state court proceeding because counsel neglected to fully inform him of the immigration consequences of his guilty plea.  That, says Veth, amounted to a violation of his Sixth Amendment rights, as well as his rights under the Massachusetts Declaration of Rights, and likely renders his plea improvident and invalid.  See Padilla v. Kentucky, 130 S. Ct. 1473 (2010); Commonwealth v. Sylvain, 466 Mass. 422 (2013); Commonwealth v. DeJesus, 468 Mass. 174 (2014).

At this juncture, federal habeas relief is unavailable -
Veth cannot challenge his state court conviction under 28 U.S.C.
§ 2254. His sole avenue of relief appears to lie with a
petition in the Massachusetts court of conviction seeking to
vacate his prior felony conviction. Then, if successful, he
might petition the Board of Immigration Appeals to reopen his
case. Because federal relief under section 2254 is unavailable
to him, Veth seeks habeas relief under section 2241, asserting
that this court has jurisdiction to enter an order - of
indefinite duration - to stay his removal while he attempts,
first, to vacate his state felony conviction and, second, to
reopen his immigration proceedings and obtain relief from his
order of removal.

II. <u>Jurisdiction over Veth's Habeas Petition</u>.

Neither party thinks that, standing alone, ICE's transfer
of Veth out of this jurisdiction divests this court of
jurisdiction under the "immediate custodian" rule. The court is
inclined to agree. <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 440-
41 (2004) (citing <u>Ex Parte Endo</u>, 323 U.S. 283, 306 (1944)).
But, even assuming the court has not been divested of
jurisdiction solely by virtue of Veth's removal to another
state, it is plain that Congress has stripped this court of
jurisdiction to entertain Veth's petition for habeas relief

5

under 28 U.S.C. § 2241.  See 8 U.S.C. §§ 1252(b)(9) and 1252(g).
See also Aguilar v. U.S. Immigration & Customs Enf't Div. of
Dep't of Homeland Sec., 510 F.3d 1, 9 (1st Cir. 2007).

But, says Veth, his rights under the Suspension Clause will be violated if the court denies his requested habeas relief. See generally Hussein v. Brackett, No. 18-cv-273-JL, 2018 WL 2248513, 2018 DNH 101 (D.N.H. May 5, 2018).  And, citing Devitri v. Cronen, 289 F. Supp. 3d 287 (D. Mass. 2018), he asserts that the remedies available to him under the BIA's process for adjudicating motions to reopen and motions to stay are not adequate administrative alternatives to habeas relief.  The circumstances giving rise to this case are, however, materially distinct from those in Devitri.  In Devitri, petitioners made a colorable, non-frivolous claim that they would be subjected to torture and/or persecution if returned to their country of origin (Indonesia) because of their Christian faith.  Veth makes no such claim.

Moreover, the petitioners in Devitri plausibly alleged that they were subject to removal before they had sufficient time to file a motion to reopen their immigration proceedings.  Thus, they argued that habeas relief was the only adequate and effective means by which to challenge their imminent

6

deportation. Veth, on the other hand, has been subject to a removal order since 2011. And, he has had more than seven years to challenge the underlying basis for that removal order - his state felony conviction - through direct appeal or other avenues of collateral attack. He did not do so. That Veth has not timely availed himself of available alternatives to habeas relief does not compel the conclusion that those alternatives are inadequate or ineffective. Indeed, while there is no indication that he has yet done so, it appears that Veth could still file a motion to reopen with the immigration court, setting forth the arguments he advances here, along with an emergency motion to stay his imminent deportation while he endeavors to vacate his state felony conviction.

And, finally, there is no suggestion in the record that Veth will be precluded from pursuing his efforts to vacate his state felony conviction and then availing himself of the BIA's motion to reopen process if he is removed. Consequently, the court cannot conclude, under applicable law, that the motion to reopen process will provide Veth with an inadequate substitute for habeas corpus relief. See generally Higgins v. Strafford County Dept. of Corrs., No. 18-cv-147-PB, 2018 WL 1278302 at *2, 2018 DNH 50 (D.N.H. Mar. 3, 2018) ("The fatal flaw in [petitioner's] argument is that he bases it on the incorrect

assumption that he will lose his right to file a motion to reopen if he is removed before he can file his motion."). See also Luna v. Holder, 637 F.3d 85, 101-02 (2d Cir. 2011) (holding that the BIA's regulation purporting to preclude removed persons from filing a motion to reopen - known as the "post-departure bar" - cannot be applied categorically to prevent the filing of such motions after removal).

**Conclusion**

For the foregoing reasons, as well as those set forth in the government's memorandum (document no. 6), this court lacks jurisdiction to consider Veth's petition for habeas corpus relief under 28 U.S.C. § 2241. And, as applied to the facts of this case, the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not violate Veth's rights under the Suspension Clause. Veth has had, and he retains, adequate administrative means by which to present his claims to the BIA through a motion to reopen (provided, of course, that he is first able to vacate his underlying state court felony conviction).

Veth's Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2241 (document no. 1) is dismissed for lack of jurisdiction and his Motion for Temporary Restraining Order (document no. 2), is necessarily denied. The Clerk of Court

shall enter judgment in accordance with this order and close the case.

    **SO ORDERED.**

                                                    Steven J. McAuliffe
                                                    United States District Judge

December 14, 2018

cc:   Louis S. Haskell, Esq.
      Michael T. McCormack, AUSA